Brian M. Ziff, #025851
Steven C. Lawrence, #022551
**CLARK HILL PLC**
16427 North Scottsdale Road, Suite 210
Scottsdale, Arizona 85254
Telephone: (480) 684-1100
Facsimile:  (480) 684-1199
Email:      bziff@clarkhill.com
            slawrence@clarkhill.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UV2, LLC, a Michigan limited liability company, as successor in interest to UV2, INC., | No. |
| Plaintiff, | **APPLICATION FOR CONFIRMATION OF ARBITRATION AWARD** |
| v. | **(9 U.S.C. § 9)** |
| EMC TELECOM CORPORATION, an Arizona corporation, now known as EMCT ACQUISITIONS, INC.; | |
| Defendant. | |

Plaintiff UV2, LLC, as successor in interest to UV2, Inc., submits this Application pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA") requesting that this Court enter an order confirming the arbitration award granted to UV and against Defendant EMC Telecom Corporation, now known as EMCT Acquisitions, Inc. ("EMC") in American Arbitration Association Case No. 54 494 Y 01008 09. In support of this Application, UV states the following:

### PARTIES AND JURISDICTION

1.    UV2, LLC is a Michigan limited liability company transacting business under the name "Unlimited Ventures," with its principal place of business in Michigan.

2.    UV is the successor entity to UV2, Inc., a Michigan corporation, which was

merged into UV on or about October 19, 2009. UV has assumed all rights, privileges, and obligations of UV2, Inc.

3. UV2, Inc. was the Complainant in the arbitration at issue. For ease of reference, the two UV companies shall be referred to as "UV."

4. EMC is an Arizona corporation with its principal place of business in Arizona, and was the Respondent in the arbitration at issue.

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.

6. Venue is proper in this District pursuant to 9 U.S.C. § 9 and the Asset Purchase Agreement between the parties ("APA"). Article 35.4.4 of the APA permits confirmation of an arbitration award "by any court having jurisdiction thereof." A true and correct copy of the APA is attached hereto as Exhibit A.

7. Venue also is appropriate pursuant to 28 U.S.C. § 1391(a).

## RELEVANT FACTS

8. On December 18, 2008, UV and EMC entered into the APA.

9. Pursuant to the terms of the APA, EMC agreed to pay the total sum of $673,815 in installments, as well as UV's outstanding accounts receivable in the amount of $22,174.47 (Exh. A, Article 2.2).

10. EMC, in violation of its clear contractual obligations, only paid UV $193,816.71, and the sum of $502,173 remains unpaid and is materially overdue.

11. The parties agreed to submit all disputes arising out of the APA to arbitration (Exh. A, Article 35.3).

12. On August 24, 2009, the dispute was submitted for arbitration before the American Arbitration Association. At that time, EMC was represented by counsel in connection with the dispute.

13. On February 3, 2010, Gene Esshaki was appointed to serve as the arbitrator for the case. (See Appointment of Arbitrator, attached hereto as Exhibit B).

6438159.1 28949/129614

14. That same day, counsel for EMC moved to withdraw from representing EMC because EMC had failed to pay counsel's fees. (See Motion to Withdraw attached hereto as Exhibit C).

15. On February 8, 2010, counsel for EMC was permitted to withdraw. (See Withdrawal Order attached hereto as Exhibit D).

16. After counsel's withdrawal, EMC failed to take any further action with respect to the arbitration, despite numerous efforts by the arbitrator and counsel for UV to communicate with EMC.

17. On March 30, 2010, the arbitrator issued Pre-Hearing Order No. 1, which provided a schedule for the parties to submit evidence and gave EMC the opportunity to request a hearing. (See Pre-Hearing Order No. 1 attached hereto as Exhibit E). EMC did not respond or request a hearing.

18. On May 24, 2010, after UV presented evidence pursuant to the Arbitrator's order and EMC failed to do so, the Arbitrator issued an award in favor of UV and against EMC in the amount of $502,173, plus interest from the date of filing the arbitration at 6 percent per annum, and arbitrator fees in the amount of $4,005 (the "Award"). A true and correct copy of the Award is attached hereto as Exhibit F.

## COUNT I
### (Confirmation of Award)

19. UV repeats and incorporates by reference each and every allegation set forth above.

20. The standard of review for the Award in this confirmation proceeding is the deferential standard of review afforded by the FAA. Section 9 provides that the Court must confirm the Award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11..." 9 U.S.C. § 9.

21. Under Section 10, the Award may be vacated only: (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of

3

6438159.1 28949/129614

misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. 9 U.S.C. § 10.

22. Under Section 11, the Award may be modified or corrected only (1) where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award; (2) where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted; or (3) where the award is imperfect in matter of form not affecting the merits of the controversy. 9 U.S.C. § 11.

23. No grounds exist for vacating, modifying or correcting the Award under the FAA.

WHEREFORE, consistent with the provisions of the Federal Arbitration Act, UV respectfully requests:

A. that the Court issue an Order confirming the Award;

B. that the Court enter judgment in favor of UV consistent with the Award; and

C. that the Court award such other relief as the Court deems appropriate under the circumstances.

DATED this 15th day of June, 2010.

**CLARK HILL PLC**

By: /s/ Steven C. Lawrence
    Brian M. Ziff
    Steven C. Lawrence
    Attorneys for Plaintiff

6438159.1 28949/129614