**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UV2, LLC, a Michigan limited liability company, as successor interest to UV2, <br><br> Plaintiff/Judgment Creditor, <br><br> vs. <br><br> EMC TELECOM CORPORATION, an Arizona corporation, now known as EMCT ACQUISITIONS, INC., <br><br> Defendant/Judgment Debtor. <br><br> DIGITAL VENTURES, LLC, an Arizona Limited Liability Company, <br><br> Garnishee/Judgment Debtor. <br><br> CC BILL, LLC, an Arizona limited liability company, <br><br> Garnishee. | No. CV 10-01269-PHX-ROS <br><br> **REPORT AND RECOMMENDATION** |

TO THE HONORABLE ROSLYN O. SILVER, CHIEF JUDGE, UNITED STATES DISTRICT COURT:

      This matter arises on Plaintiff/Judgment-Creditor UV2, LLC's ("Plaintiff") Application for Writ of Garnishment against Garnishee CC Bill, LLC ("Garnishee"), filed on December 19, 2012. (Doc. 53.) Defendant/Judgment Debtor Garnishee Digital Ventures, LLC ("Digital Ventures") was previously ordered to pay restitution to Plaintiff in the amount of $602,735.00, as principal, with interest accruing at the rate of 0.18% per annum from December 12, 2012. (Doc. 49.) Plaintiff seeks the Writ because of its belief that Garnishee

1  is in possession of property in which Digital Ventures has a nonexempt interest. On January
2  9, 2013, Garnishee filed its Answer admitting that "CC BILL, LLC, provides payment
3  processing services for judgment debtor. We provide payment to judgment debtor on a
4  weekly basis. The account in question receives approximately $18,000-$20,000 weekly.
5  Account on hold." (Doc. 63.) On January 28, 2013, Garnishee filed an Amended Answer,
6  denying that it held property of Digital Ventures, claiming that:

> [Garnishee] has become apprised of an erroneous statement inadvertently made in its original Answer. Specifically, due to misleading information internally, CC Bill was mistaken as to who the 'Judgment-Debtor' identified in the Application for Writ of Garnishment was. Upon further review, CC Bill has determined that, contrary to its original Answer, the actual Judgment Debtor - Digital Ventures, LLC - holds no client accounts with CC Bill. The 'account in question' noted in CC Bill's original answer properly belongs to Pink Bird Media, who CC Bill now understands is merely another garnishee.

(Doc. 70, at 1.)

On January 31, 2013, Plaintiff filed an Objection and Request for Hearing Regarding Garnishee's Answer, averring therein that good cause exists to believe that Garnishee does in fact have additional money belonging to Digital Ventures, and that, based upon discovery provided in ongoing litigation in state court involving the parties, there is "substantial evidence showing that CC Bill has significant financial obligations to [Digital Ventures]." (Doc. 75.)

This Court, pursuant to A.R.S. §12-1580, scheduled a telephonic Conference between Plaintiff and Garnishee on February 25, 2013. (Doc. 73.) During the telephonic conference, Plaintiff waived its right to a hearing on its objection. Plaintiff was directed to file a Memorandum in support of its objection by March 4, 2013, and Garnishee was directed that any responsive pleading must be filed by March 28, 2013. On March 4, 2013, Plaintiff filed a Memorandum in Support of Plaintiff's/Judgment-Creditor's Objection to Garnishee WMM Holdings, LLC's Answer. (Doc. 86.) Garnishee has not filed a response.

Plaintiff argues that Garnishee is indebted to Digital Ventures as set forth in Garnishee's original Answer. Plaintiff asserts that the money Garnishee notes in that original answer that it receives, "is held and eventually transferred to the benefit of [Digital Ventures]." (Doc. 86, at 2.) Furthermore, Plaintiff states:

- 2 -

> [Garnishee's original] Answer was based on the payment-processing services CC Bill performed for DV's website, which have been nominally titled to Pink Bird. For the reasons discussed in the Double D/Pink Bird Memorandum, because the transfer of DV's assets was fraudulent, to the extend CC Bill remits funds to Pink Bird - or any other party - that are generated from the [amateurstraightguys.com] website, those funds belong to DV and are subject to garnishment here. ... The CC Bill records showing that CC Bill continues to do processing for DV's [amateurstraightguys.com] website, ... are attached hereto.

(Doc. 86, at 2.)

Plaintiff suggests that CC Bill amended its original Answer under pressure from Pink Bird, and notes that its Amended Answer, though signed by CC Bill in-house counsel, at the bottom of page two bears the watermark of the law firm "Benedetto Torgenson, PLC," the firm that represents Pink Bird and Double D Holdings in this action. (Doc. 86, at 2.)

Despite having an opportunity to respond to Plaintiff's Memorandum, Garnishee did not file a response. The Court finds that the uncontroverted documents provided by Plaintiff are sufficient to support their assertions as set forth in their Memorandum in Support of Plaintiff's/Judgment-Creditor's Objection to Garnishee CC Bill, LLC's Answer, that Garnishee is in possession of money or property belonging to Digital Ventures. As such, the Court will recommend the granting of the Writ. See also LRCiv 7.2(I) (if a party files a motion, and the opposing party "does not serve and file the required answering memoranda, ... such non-compliance may be deemed a consent).

In accordance with the foregoing,

**IT IS HEREBY RECOMMENDED** that Plaintiff's Objection to Garnishee's Answer, (Doc. 75), be **SUSTAINED**, and judgment be entered against Garnishee CC Bill, LLC.

**IT IS FURTHER RECOMMENDED** that the Court order Plaintiff to submit a proposed form of judgment within 30-days of the Court's final order.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have fourteen (14) days from the date of service of a copy of this

recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(b) and 72. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. See Fed.R.Civ.P. 72.

DATED this 20th day of May, 2013.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge