**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UV2, LLC, a Michigan limited liability company, as successor interest to UV2,<br><br>　　　Plaintiff/Judgment Creditor,<br><br>vs.<br><br>EMC TELECOM CORPORATION, an Arizona corporation, now known as EMCT ACQUISITIONS, INC.,<br><br>　　　Defendant/Judgment Debtor.<br><br>DIGITAL VENTURES, LLC, an Arizona Limited Liability Company,<br><br>　　　Garnishee/Judgment Debtor.<br>_____<br>WMM HOLDINGS, LLC, a Nevada limited liability company,<br><br>　　　Garnishee.<br>_____ | No. CV 10-01269-PHX-ROS<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE ROSLYN O. SILVER, CHIEF JUDGE, UNITED STATES DISTRICT COURT:

　　This matter arises on Plaintiff/Judgment-Creditor UV2, LLC's ("Plaintiff") Application for Writ of Garnishment against Garnishee WMM Holdings, LLC ("Garnishee"), filed on December 19, 2012. (Doc. 53.) Defendant/Judgment Debtor Garnishee Digital Ventures, LLC ("Digital Ventures") was previously ordered to pay restitution to Plaintiff in the amount of $602,735.00, as principal, with interest accruing at the rate of 0.18% per annum from December 12, 2012. (Doc. 49.) Plaintiff sought the Writ because of its belief

1  that Garnishee is in possession of property in which Digital Ventures has a nonexempt
2  interest. On January 9, 2013, Garnishee filed its Answer admitting it owed the Digital
3  Ventures $643.18. (Doc. 64.) On January 17, 2013, Plaintiff filed an Objection and Request
4  for Hearing Regarding Garnishee WMM Holdings, LLC's Answer, averring therein that
5  good cause exists to believe that Garnishee does in fact have additional money belonging to
6  Digital Ventures, and that, based upon discovery provided in ongoing litigation in state court
7  involving the parties, there is "substantial evidence showing that Garnishee has significant
8  financial obligations to [Digital Ventures]." (Doc. 67.)

9  This Court, pursuant to A.R.S. §12-1580, scheduled a telephonic Conference between
10 Plaintiff and Garnishee on February 6, 2013. (Doc. 73.) During the telephonic conference,
11 Plaintiff waived its right to a hearing on its objection. Plaintiff was directed to file a
12 Memorandum in support of its objection by February 20, 2013, and Garnishee was directed
13 that any responsive pleading must be filed by March 6, 2013. On February 20, 2013,
14 Plaintiff filed a Memorandum in Support of Plaintiff's/Judgment-Creditor's Objection to
15 Garnishee WMM Holdings, LLC's Answer. (Doc. 82.) Garnishee has not filed a response.

16 Plaintiff argues that Garnishee is indebted to Digital Ventures by virtue of a 3-year
17 Non-Exclusive Digital Distribution Agreement ("the Agreement") entered into between
18 Garnishee and Double D Holdings, LLC ("Double D Holdings") on July 8, 2010. (Doc. 82,
19 at 11-21.) Pursuant to the agreement, Garnishee had agreed to distribute and promote certain
20 motion pictures, video titles, still photographs and other audio and visual content produced
21 by Double D Holdings, and agreed to pay license fees, according to an incorporated
22 schedule, by the 15th of each month. The agreement was signed by Double D Holdings
23 Partners Scott Delong and Dennis Ashe and Garnishee president Scott Coffman. Plaintiff
24 argues that Digital Ventures transferred its assets to Double D Holdings just prior to the
25 effective date of the Agreement, and that this transfer was an attempt to avoid liability to
26 Plaintiff on a judgment Plaintiff was seeing against Digital Ventures in a state court matter.
27 Plaintiff asserts that this is a fraudulent transfer pursuant to the Uniform Fraudulent Transfer
28

1  Act, A.R.S. §44-1007(a)(1), and that therefore Plaintiff is entitled to garnishment against Garnishee.

2  In support of its claim, Plaintiff produces copies of a court minute entry in UV2, LLC v. Digital Ventures LLC, et al., Maricopa County Superior Court CV 2009-054788, reflecting that on July 2, 2010, the court granted Plaintiff's motion for summary judgment on count IV of Plaintiff's complaint, and entered judgment against Digital Ventures in the amount of $36,665.27. (Doc. 82, at 34-37.) This claim pertained to a line of credit agreement between Plaintiff and Digital Ventures. (Doc. 82, at 3.) Plaintiff also produces an email Plaintiff sent to Garnishee on July 8, 2010, the same day the Agreement was signed, informing Garnishee of the court's ruling. (Doc. 82, at 25.) The same day, Garnishee sent an email to Digital Ventures confirming the Agreement and notifying Messrs DeLong and Ashe of Double D Holdings that a new account would be opened up for Double D Holdings and that movies would be transferred from Digital Ventures's account into the Double D Holdings account. (Doc. 82, at 9.) On July 13, 2010, counsel for Garnishee contacted Mr. Ashe to inform him that a third party (Plaintiff) had contacted him and made a claim to the proceeds that were being transferred from Digital Ventures to Double D Holdings. (Doc. 82, at 3, 44.)

Plaintiff also asserts that the Agreement merely replaced the prior nearly identical agreement between Digital Ventures and Garnishee that had been in place since 2002, with the only change being the substitution of Double D Holdings for Digital Ventures. (Doc. 82, at 2.) By the time the summary judgment ruling had become a final order, Plaintiff claims that Garnishee had assisted Digital Ventures in successfully transferring the account out of Digital Ventures's name and delaying Plaintiff's collection efforts. (Doc. 82, at 3.) Plaintiff paints a clear picture that Garnishee's previous financial obligation to Digital Ventures was simply transferred to Double D Holdings by virtue of the Agreement, but that the nature of services provided by Garnishee was not altered.

Despite having an opportunity to respond to Plaintiff's Memorandum, Garnishee did not file a response. The Court finds that the uncontroverted documents provided by Plaintiff are sufficient to support their assertions as set forth in their Memorandum in Support of

1  Plaintiff's/Judgment-Creditor's Objection to Garnishee WMM Holdings, LLC's Answer, that
2  Garnishee is in possession of money or property belonging to Digital Ventures.  As such, the
3  Court will recommend the granting of the Writ.  See also LRCiv 7.2(I) (if a party files a
4  motion, and the opposing party "does not serve and file the required answering memoranda,
5  ... such non-compliance may be deemed a consent).

6  In accordance with the foregoing,

7  **IT IS HEREBY RECOMMENDED** that Plaintiff's Objection to Garnishee WMM
8  Holdings, LLC's Answer, (Doc. 67), be **SUSTAINED**, and judgment be entered against
9  Garnishee WMM Holdings, LLC..

10  **IT IS FURTHER RECOMMENDED** that the Court order Plaintiff to submit a
11  proposed form of judgment within 30-days of the Court's final order.

12  This recommendation is not an order that is immediately appealable to the Ninth
13  Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
14  Appellate Procedure, should not be filed until entry of the District Court's judgment.  The
15  parties shall have fourteen (14) days from the date of service of a copy of this
16  recommendation within which to file specific written objections with the Court.  See 28
17  U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(b) and 72.  Thereafter, the parties have fourteen (14)
18  days within which to file a response to the objections.  Failure to timely file objections to the
19  Magistrate Judge's Report and Recommendation may result in the acceptance of the Report
20  and Recommendation by the district court without further review.  See United States v.
21  Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to timely file objections to any
22  factual determinations of the Magistrate Judge will be considered a waiver of a party's right
23  to appellate review of the findings of fact in an order of judgment entered pursuant to the
24  Magistrate Judge's recommendation.  See Fed.R.Civ.P. 72.

25  DATED this 20th day of May, 2013.

_____
Michelle H. Burns
United States Magistrate Judge